JOHN AND ANN ELIZA STREET v. JENNIE C. GRIFFITHS.

A private right of way was claimed by deed over land which, by the
operation of that and other deeds, became dedicated to public use as a
highway, but the dedication had not been accepted by the public.
*Held*, (1), that an open, visible, uninterrupted and adverse possession
of a part of the land covered by the right of way for the full period of
twenty years, while ineffectual to bar the right of the public, will
effectually bar the private right of way; and (2), that when, in an
action for the obstruction of the private right, an inference may be
drawn from the evidence of such possession for the full period, it was
error not to submit the matter to the jury.

In error.

The action below was in case. By the declaration, Jennie
C. Griffiths, the plaintiff, claimed damages for the obstruction,
by John and Ann Eliza Street, the defendants, of a right of
way appurtenant to lands of said Jennie. The plea was the
general issue.

After evidence on both sides, the trial judge directed a ver-
dict in favor of the plaintiff. To this ruling an exception was
taken and error has been assigned thereon.

For plaintiffs in error, *P. L. Voorhees.*

For the defendant in error, *M. R. Sooy.*

The opinion of the court was delivered by

MAGIE, J. The question at issue below related exclusively to the private right of way claimed by Mrs. Griffiths.

To succeed on that issue, she was required to establish the existence of a right of way in her, and an obstruction thereto, erected or maintained by the Streets. To justify a direction for a verdict in her favor, the evidence should have left no room for a fair inference unfavorable to her right to recover.

The bill of exceptions shows that the right claimed by Mrs. Griffiths was a way over a strip of land sixty feet wide, called Cliff road. The surrounding lands had been laid out into lots by the owners prior to 1858, and a map made by them distinguished the lots by numbers, and showed Cliff and other roads delineated thereon.

Mrs. Griffiths' easement was acquired by a conveyance of a part of lot 19, with the appurtenances. That lot fronted upon Cliff road, and was originally conveyed by James Manderson to George F. Ramsdell, by two deeds, one, dated March 13th, 1863, for a part, and the other, dated June 17th, 1864, for the remainder thereof. Mrs. Griffiths' title was acquired under Ramsdell.

It clearly appeared that, by the operation of these and other deeds, Cliff road had been dedicated to public use as a highway. The dedication had not been formally accepted by any public authority, nor had there been any user of the land as a public highway at the commencement of the suit.

By the deeds to Ramsdell a right of way over the roads (including Cliff road), had been expressly granted. Such a grant would, doubtless, have been implied from the conveyance of land which fronted on Cliff road. *Booraem* v. *North Hudson R. R. Co.*, 13 *Stew. Eq.* 557.

The suit was commenced July 13th, 1885. At that time the way claimed was obstructed by a gate and hedge, maintained by Mr. and Mrs. Street. Mrs. Griffiths was, therefore, entitled to recover, unless her easement of way had then ceased to exist.

The contention was that her easement had been barred by an adverse possession of the land over which it was claimed.

If there was evidence tending to establish such a bar, it should have been submitted to the jury.

The exclusive use of Cliff road, with adverse intent, however long continued, would, doubtless, be ineffectual to bar the right of the public under the dedication. *Price* v. *Plainfield*, 11 *Vroom* 608. The dedication may now or hereafter be accepted and the road be opened for public use, unless the public right is released.

But the private right of way, whether created by implication or express grant, may be effectually defeated by an open, notorious and adverse possession of the land uninterrupted for the full period of twenty years. *Horner* v. *Stillwell*, 6 *Vroom* 307.

Manderson acquired title in 1858 to lots 18 and 19, and to all of Cliff road in front of 18, and one-half thereof in front of 19. In 1862 he built a dwelling-house on lot 18, and enclosed by a hedge with that lot, a portion of Cliff road. Within the hedge he planted trees and laid walks, in connection with the improvements on lot 18. He also erected a gate across Cliff road, on one side of Cottage road, which separated lots 18 and 19.

He maintained the hedge and gate, and occupied the enclosed land from 1862 until 1868, when he conveyed lot 18, with one-half of Cliff road, to a trustee for Mrs. Street. She took possession, and, with her husband, has continued to maintain the hedge and gate, and to occupy the enclosed land until the commencement of the suit.

By these obstructions the way created by grant in 1863–64 was effectually obstructed, and exclusive possession of the servient land maintained for more than twenty years prior to the commencement of the suit.

If, from these facts, a possession of the servient tenement adverse to the easement for full twenty years could be inferred, it was erroneous to take the case from the jury. Such a possession will defeat the title to an easement by analogy to the

statute of limitations, and whether the possession is adverse or not is a question for the jury. *Den* v. *Sinnickson,* 4 *Halst.* 149; *Horner* v. *Stillwell, ubi supra.*

In my judgment, such an inference might well be drawn. The owner of the servient tenement had erected and maintained insurmountable barriers to the use of the way. They were visible to all who claimed the easement. They were of a character to indicate an intent to exclude others from passing, and to justify the inferences that they were maintained in hostility to any claim of a right to pass. They were thus maintained for over twenty years.

Therefore, a conclusion that the possession of the land and the maintenance of the obstruction was adverse and hostile, might have been reached.

Nothing in the case tends to indicate that the maintenance of the obstructions was permissive.

The hedge and gate had been originally placed without asking or obtaining the consent of the other owners of the tract. If such consent had been asked and obtained, it would not affect the case, because Mrs. Griffiths did not acquire title under any of those owners.

Manderson was called as a witness by Mrs. Griffiths. He did not admit that the obstructions were maintained permissively or in subjection to the right of way. On the contrary, the inference from his evidence is that he maintained them with the express intent to exclude all others from the use as a private way of the land he enclosed and occupied.

It is contended that Manderson's deed to Mrs. Street's trustee negatives this adverse intent by mentioning and recognizing Cliff road along lot 18. But reference to the deed shows that the recognition is of Cliff road as dedicated to public use. It cannot be construed as creating or recognizing a private right therein in a third person. If it is evidence as to Manderson's intent, it must be considered in connection with the other evidence on that subject.

The result is that the evidence as to the possession of the servient land, should have been submitted to the jury, with

instructions to find whether it was such as would bar the ease-
ment.    I reach this conclusion with less reluctance, because
the public right does not seem to be barred, and relief may be
obtained for any encroachment on the public right.

The judgment below must be reversed for the errors above
indicated.

*For affirmance*—None.

*For reversal*—THE CHIEF JUSTICE, DEPUE, DIXON,
KNAPP, MAGIE, REED, SCUDDER, VAN SYCKEL, BROWN,
COLE, McGREGOR.    11.